IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHON BROWNELL,

    Plaintiff,

v.                                                                            CIV. 11-979 MV-GBW

EMILY MONTOYA, THERESA MARTINEZ,
MICHAEL DREW, RENE RIVERA, DEREK
WILLIAMS, VALENCIA COUNTY BOARD
OF COUNTY COMMISSIONERS, & FNU
HENRY,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION
## TO EXTEND TIME FOR SERVICE

THIS MATTER is before the Court on Plaintiff's Motion to Extend Time for Service on Defendants Montoya and Drew Pursuant to Fed. R. Civ. P. 6(b)(1)(B) ("Plaintiff's Motion"). *Doc. 20.* Because the Court finds the requested extension justified under the permissive provisions of Federal Rule of Civil Procedure 4, the motion will be granted.

*Background*

Plaintiff filed suit in State court on September 28, 2011 on grounds of wrongful arrest, detention, and search by defendants. *See generally doc. 1.* On November 1, 2011, certain defendants removed this action to this Court. *See doc. 1.* At the time of removal, only four of the seven defendants had already been served. *See doc. 20* at 8 ¶ 19. From

October to December, Plaintiff attempted, unsuccessfully, to locate and serve the remaining defendants.[1]  *Id.* at 8-10.  These efforts included communication with defense counsel and requests for information from the United States Postal Service.  *Id.*

On January 8, 2012, Plaintiff located and served one of the three remaining defendants.  *Id.* at 13 ¶ 38.  Defendants Montoya and Drew remain unserved.  *See generally doc. 20.*  Plaintiff now insists that he possesses the addresses and ability to properly serve those final defendants within the coming weeks.  *See id.* at 2.

Plaintiff filed the instant motion on March 19, 2012.  *Id.*  Therein, Plaintiff noted that his time to serve the final two defendants lapsed on February 29, 2012.  *Id.* at 1.  Two significant events occurred between service of the fifth defendant and the filing of this motion.  *See id.* at 8, 12-13.  Specifically, Plaintiff's counsel's attention was devoted to an unrelated trial, the aftermath of which involved an unforeseen number of requests for information and intake.  *Id.* at 8, 12.  Second, Plaintiff's counsel's paralegal evidently failed to note on Plaintiff's counsel's calendar that the deadline for service was February 29.  *Id.* at 12-13.

---

[1] Given that many of the facts deal with the inner workings of Plaintiff counsel's law office and are therefore not susceptible to contradiction by any defendants and given that the parties at issue in this motion have, obviously, not yet appeared, the Court accepts the facts as offered by Plaintiff for purposes of deciding this motion only.  The Court is comfortable with this approach given that Plaintiff's counsel has certified the facts in the pleading under Rule 11 which carries sanctions, including dismissal, for its violation.

*Analysis*

Pursuant to the Federal Rules of Civil Procedure, defendants must be served within 120 days of the filing of a complaint. Fed. R. Civ. P. 4(m). In cases that are removed with unserved defendants, the 120 day time limit runs from the date of the notice of removal. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010); *see also* 28 U.S.C. § 1448. Where a plaintiff fails to timely serve defendants, the Court "must dismiss the action without prejudice against the defendant[s] or order that service be made within a specified time."[2] Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Extensions of time are mandatory where good cause is shown. *See id.* (noting that court "must" extend time if good cause exists). Where, good cause is not shown "the district court must still consider whether a permissive extension of time may be warranted." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008). In determining whether to permissively extend the time for service, the Court considers, *inter alia*, whether the suit would face a time bar if dismissed and whether service has been evaded. Fed. R. Civ. P. 4(m) advisory committee's notes (1993 amendments).

---

[2] In addition to seeking an extension under Rule 4, Plaintiff seeks an extension under Rule 6(b)(1)(B). *See, e.g.*, doc. 20 at 15. This Court, however, concludes that, after the 1993 amendments to the rules of civil procedure, Rule 6 is no longer a basis for extension of time for service. *See Salazar v. City of Albuquerque*, No. 10-0645 JB/LFG, 2011 U.S. Dist. LEXIS 65477 (D.N.M. June 10, 2011) (noting that change in law meant to look to Rule 4 in situation where "[s]uch relief formerly was afforded in some cases, partly in reliance on Rule 6(b)"). This conclusion may be a distinction without a difference given that the standard under Rule 6 appears to be the same as that used when considering a permissive extension under Rule 4. *Id.*

3

While the Court does not find "good cause" for the delay in service, the Court will grant a permissive extension of time to serve the remaining defendants. Two factors weigh heavily in favor of granting such an extension. First, Plaintiff notes that the statute of limitations on this matter has run in the time since the case was first filed. *Doc. 20* at 23-24. Thus, despite the fact that the dismissal for failure to timely serve would be termed one "without prejudice", *see* Fed. R. Civ. P. 4(m), the dismissal could potentially foreclose this matter permanently.

Likewise, the Court, taking Plaintiff's description of the attempts to serve as true, finds that, prior to January, Plaintiff did actively attempt to serve the remaining defendants. Plaintiff has communicated with one of the remaining unserved defendants who refused to give Plaintiff a proper address at which to serve process. *See doc. 20* at 14. While this lack of cooperation may not rise to the level of "evading" service, it does support giving Plaintiff additional time for service particularly when taken in concert with the fact that Plaintiff has, through much of the 120 days, been making efforts to effectuate service. As such, the Court will grant Plaintiff an additional period within which to serve the two remaining defendants. Of course, failure to complete service by the new deadline will likely result in dismissal of those defendants.

*Conclusion*

Although Plaintiff's excuses of a clerical error and trial delay do not establish good cause for the delay, the Court finds that a permissive extension is appropriate. As such, the Court will grant Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time for Service on Defendants Montoya and Drew Pursuant to Fed. R. Civ. P. 6(b)(1)(B), (*doc. 20*), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall perfect service on Defendants Montoya and Drew no later than April 30, 2012. Plaintiff is hereby notified under Rule 4(m), that failure to serve Defendants by this new deadline may result in a *sua sponte* dismissal of any unserved defendant.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

5