IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHON BROWNELL,

    Plaintiff,

v.                                                    CIV. 11-979 MV-GBW

EMILY MONTOYA, et al.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion for an Order Staying Discovery Pending Resolution of Qualified Immunity Defenses ("Defendants' Motion"). *Doc. 38.* The matter is fully briefed and the motion will be granted. *See docs. 38, 41, 44.*

## Background

Plaintiff brought suit in New Mexico state court on September 28, 2011 alleging various civil rights violations and tortious conduct. *See generally doc. 1* Ex. A. The alleged wrongs centered around Plaintiff's arrest for driving while intoxicated and the resultant search of Plaintiff's person while in custody. *See generally id.* Ex. A. Among the defendants are an Officer Henry, Derek Williams, Rene Rivera, and Micheal Drew ("Individual Defendants") – each of whom are sued in their individual capacities.[1] *Id.* Ex. A ¶¶ 3-13. On March 12, 2012, Defendants moved for summary judgment. *Doc. 17.*

---

[1] Defendants Henry, Williams, and Rivera are also sued in their official capacities. Another defendant, Emily Montoya, is sued in her individual capacity; however, because Ms. Montoya's answer is not yet due, she is not involved in the instant motion.

Therein Individual Defendants contend, *inter alia*, that they are qualifiedly immune from the instant suit. *Id.* at 16-17. That motion has been fully briefed and disposition is pending. *See doc. 36.*

## *Analysis*

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are

ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

Plaintiff points to three facts that he believes should place this case outside the general rule. First, Plaintiff notes the existence of state tort claims for which qualified immunity is not available. Second, Plaintiff correctly states that the Board of County Commissioners cannot claim qualified immunity. Third, Plaintiff argues that the individual Defendants who are no longer public officials and no longer require the protection of a stay. Plaintiff contends that these facts mean that continuing with discovery will not be an additional burden for the possibly-immune defendants.

With respect to Plaintiff's first argument, it is, of course, common that state tort claims are brought along with constitutional claims. If such a circumstance created an exception to the general rule, it would indeed swallow it. In any event, such an exception is not warranted here where the state tort claim is closely related to the constitutional claim. Consequently, if discovery proceeded on the state tort claim, Defendants would have to be constantly vigilant about how the discovery might impact the 1983 claim. Therefore, they would lose an important benefit of the qualified immunity defense. Moreover, if the federal constitutional claim is rejected, the case will lack any independent basis for federal jurisdiction and could be dismissed. *Compare Robillard v. Bd. of Cnty. Comm'rs of Weld Cnty., Colo.*, No. 11-CV-03180 PAB-KMT, 2012 WL 694507 (D. Colo. Mar. 1, 2012) (plaintiff also asserted claims for violations of the Fair

3

Labor Standards Act against which immunity was not an available defense). Under these circumstances, this argument does not justify an exception to the general rule.

The logic of Plaintiff's second argument flies directly in the face of the Supreme Court's admonition in *Iqbal*. As the Court explained, it "is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Iqbal*, 129 S. Ct. at 1953. Thus, even where some defendants are not protected by qualified immunity, a stay of all discovery is generally appropriate.

Plaintiff's final argument can also not justify an exception from the general rule because at least one of the individual defendants is still in public service. Given that fact, this argument fails for the same reason as does Plaintiff's second argument.

As a fallback position, Plaintiff argues that he "should be able to carry out a limited amount of discovery tailored specifically to the question of [the] immunity defense." *Doc. 41* at 11. This issue is one of the grounds for Defendants' motion for summary judgment which is fully briefed and pending before the District Judge. *See docs. 17, 28, 35, 36*. In Plaintiff's response to the summary judgment motion, he asks the

4

Court to grant him "leave, under Rule 56(d), to conduct discovery so that he may respond to the Motion for Summary Judgment on [] particular Counts." *Doc. 28* at 5. At this time, the District Judge has not determined if Plaintiff's affidavits under Rule 56(d) are sufficient or, if sufficient, whether they justify additional discovery. Pending that ruling, there is no basis to permit the limited discovery sought by Plaintiff.

## *Conclusion*

The underlying purpose of qualified immunity is to render certain individuals immune from suit – not simply from trial. Because Defendants have asserted entitlement to qualified immunity and, because any further discovery pending resolution of that defense would impinge that immunity, this matter must be stayed.

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion for an Order Staying Discovery Pending Resolution of Qualified Immunity Defenses, (*doc. 38*), is GRANTED. All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' Motion for Summary Judgment. *See doc. 17*.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE