IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHON BROWNELL,

      Plaintiff,

v.                                            Civ. 11-979 MV/GBW

EMILY MONTOYA, THERESA
MARTINEZ, MICHEAL DREW,
RENE RIVERA, DEREK WILLIAMS,
VALENCIA COUNTY BOARD OF
COMMISSIONERS, and FNU HENRY,

      Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION
### FOR LEAVE TO AMEND COMPLAINT

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend

Complaint. *Doc. 42.* The motion is fully briefed and will be granted. *See docs. 48, 53, 54.*

### *Background*

Plaintiff Johnathon Brownell filed suit in New Mexico state court on September

28, 2011. *See doc. 1* Ex. A. As basis for his suit, Plaintiff alleges various state torts and

federal constitutional and statutory violations by Defendants. *See generally id.*

Defendants removed the case to this Court on November 1, 2011. *See doc. 1.*

On March 12, 2012, Defendants Henry, Martinez, Rivera, Valencia County Board

of Commissioners, and Williams moved for summary judgment as to certain claims and

to dismiss the remaining claims. *See doc. 17.* That dispositive motion is fully briefed

and pending[1] before the presiding judge, United States District Judge Martha Vázquez.
*See docs. 28, 35, 36.*

On May 2, 2012, Plaintiff moved for leave to amend his complaint. *Doc. 42.* The
proposed amended complaint adds new factual allegations and new claims for relief.
*Id.*, Ex. A.

### *Analysis*

Amendments of pleadings are governed by Federal Rule of Civil Procedure 15.
*See* Fed. R. Civ. P. 15. Where, as here, the time for amending as a matter of course has
passed, "a party may amend its pleading only with the opposing party's written
consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give
leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified
upon a showing of undue delay, undue prejudice to the opposing party, bad faith or
dilatory motive, failure to cure deficiencies by amendments previously allowed, or
futility of the amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The movants'[2] sole basis for opposing the request is futility. *Doc. 48.* Specifically,
they argue that: (1) even with the additional factual allegations, the currently pending
claims are still subject to dismissal for failure to state a claim or on summary judgment;
and (2) the newly-proposed claims are subject to summary judgment or dismissal

---

[1] Discovery is stayed in this matter pending resolution of the dispositive motion. *See doc. 49.*
[2] Only certain defendants have moved and, thus, the remaining defendants have consented to granting the instant motion. D.N.M.LR-Civ. 7.1(b).

because they suffer from the same defects as the pending claims.  *Doc. 48* at 2-6.  In response, Plaintiff argues that: (1) his new factual allegations assist with meeting the pleading requirements under *Iqbal,* and (2) because Defendants' summary judgment arguments against his current claims lack merit, they similarly do not defeat the newly-proposed claims.  *See generally doc. 53.*

At this time, the undersigned cannot conclude that the amendments that Plaintiff seeks to make to his complaint are futile.  The additional facts may convince Judge Vázquez that he has sufficiently stated certain claims.  Judge Vázquez may determine that summary judgment is inappropriate for all or some of the pending claims.  Even if Judge Vázquez grants summary judgment on the pending claims, she may find the newly-proposed claims to be based on sufficiently different legal grounds to permit them to proceed.  Under any of these circumstances, permitting the filing of the proposed amended complaint would not be futile.  As such, the amendment must be permitted.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint, (*doc. 42*), is GRANTED.  Plaintiff shall file the amended complaint attached to his motion.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE